UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASTION TECHNOLOGIES, INC., § § *Plaintiff*, § § v. § § HAMILTON SUNDSTRAND SPACE § SYSTEMS INTERNATIONAL, INC., § § *Defendant*. § | Civil Action No. _____ |

## DEFENDANT HAMILTON SUNDSTRAND SPACE SYSTEMS INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION

Expressly reserving all rights, Defendant Hamilton Sundstrand Space Systems International, Inc. ("HSSSI") files this Notice of Removal ("Notice") in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1332. The following action is removed: Cause No. 2023-54873, in the District Court of Harris County, 80th Judicial District, *Bastion Technologies, Inc., v. Hamilton Sundstrand Space Systems International Inc.*

### INTRODUCTION

1. This matter must be litigated in a federal court pursuant to 28 U.S.C. § 1332. Defendant seeks removal because the matter is between citizens of different states and the amount in controversy exceeds the sum of $75,000.

1

## FACTUAL BACKGROUND

2. On August 18, 2023, Plaintiff filed its Original Petition in the 152nd District Court of Harris County, Texas, and it was docketed as Cause No. 2023-54873. (Exs. 2 & 4). The case was transferred to the 80th District Court of Harris County on August 23, 2023. (Ex. 3).

3. The dispute concerns a "Teaming Agreement" between Bastion Technologies, Inc. ("BTI" or "Plaintiff") and HSSSI, dated November 12, 2020, in which the parties expressed an interest in working together to obtain a contract with NASA to develop the next generation spacesuit for NASA astronauts. On June 1, 2022, NASA announced its award of the contract to HSSSI and another contractor, Axiom. That same day, HSSSI began negotiating a potential subcontract with BTI. The parties were unable to reach agreement on a subcontract.

4. Plaintiff alleges that HSSSI repudiated obligations under the Teaming Agreement by failing to provide a subcontract to BTI after HSSSI was awarded the prime contract by NASA. Plaintiff seeks, *inter alia*, damages and an order of specific performance. (Ex. 2 at ¶ 14).

5. HSSSI did not answer the Original Petition in state court. Apart from any jurisdictional arguments, HSSSI will deny that it has ever repudiated or breached any obligation owed to BTI. HSSI disputes Plaintiff's allegations and believes the Original Petition lacks merit.

## BASIS FOR REMOVAL (28 U.S.C. § 1332)

6. For a case to be removed based on diversity of citizenship, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). For purposes of diversity, a corporation is a citizen of the state in which it was

incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

7. On August 18, 2023, Plaintiff filed its Original Petition in the 152nd District Court of Harris County, Texas, and it was docketed as Cause No. 2023-54873. A copy of Plaintiff's Original Petition is attached hereto as **Exhibit 2**. The Citation was served on Defendant on August 24, 2023. (Ex. 1). As such, this Notice of Removal is timely under 28 U.S.C. §1446(b) because it is filed within 30 days after service was completed. *See Murphy Bros. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 347 (1999); Thompson v. Deutsche Bank Nat. Tr. Co., 775 F.3d 298, 303 (5th Cir. 2014) ("a defendant's right to removal runs from the date on which it is formally served with process").

8. Plaintiff pleads in its Original Petition that (1) Plaintiff Bastion Technologies Inc., is a Texas Corporation with its principal place of business in Harris County, Texas, and (2) Defendant HSSSI is a Delaware corporation with its principal place of business in Connecticut. (Ex. 2 at ¶¶ 1-2). As such, there is complete diversity between Plaintiff and Defendant. *See Harvey*, 542 F.3d at 1079.

9. BTI also specifically pleads in its Original Petition that it seeks monetary damages of more than $1 million. (Ex. 2 at ¶ 3). Accordingly, this dispute exceeds the $75,000 amount in controversy requirement.

10. Thus, the Original Petition conclusively establishes that this case belongs in a federal court. As pleaded, Defendant HSSSI is a non-citizen of Texas and the amount in controversy exceeds $75,000.

## PROCEDURAL AND VENUE MATTERS

11. A copy of the state court docket sheet, all state court pleadings, processes, orders, and other required documents are attached to this Notice. Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81, the following documents are attached:

Exhibit 1: All executed process in the case.

Exhibit 2: Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings.

Exhibit 3: All orders signed by the state judge.

Exhibit 4: The state court docket sheet.

Exhibit 5: An index of matters being filed.

Exhibit 6: A list of all counsel of record, including addresses, telephone numbers and parties represented.

12. Venue for removal is appropriate in this District and Division under 28 U.S.C. § 1442(a). This District and Division embrace the 80th District Court of Harris County, Texas, the forum in which the state court action was pending.

13. A jury demand has been made in the state court action. (Ex. 2 at ¶ 14).

14. Immediately upon the filing of this Notice of Removal, written notice of the filing will be served on Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d).

15. Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice with the Harris County District Clerk's office as required by 28 U.S.C. § 1446(d).

16. This Notice is signed by Defendant's Counsel under Federal Rule of Civil Procedure 11, as reflected in the signature block below.

17. For all the foregoing reasons, the state court action is hereby properly removed to this Court.

## NON-WAIVER OF DEFENSES

18. By removing this action from state court, Defendant expressly reserves and specifically does not waive any defenses, including all arguments related to personal jurisdiction, that may otherwise be available.

19. By removing this action from state court, Defendant does not admit to any of the allegations in Plaintiff's Original Petition.

## CONCLUSION

20. This action must be litigated in a federal forum under 28 U.S.C. § 1332. Thus, Defendant Hamilton Sundstrand Space Systems International, Inc. gives notice that the matter bearing number 2023-54873 in the 80th District of Harris County, Texas is now removed to the United States District Court for the Southern District of Texas, Houston Division.

Dated: September 18, 2023

Respectfully submitted,

/s/ *Andrew S. Hicks*
Andrew S. Hicks (Attorney-in-Charge)
State Bar No. 24032419
S.D. Texas Bar No. 30625
Schiffer Hicks Johnson PLLC
700 Louisiana Street, Suite 2650
Houston, Texas 77002
Tel: (713) 357-5150
Fax: (713) 357- 5160
Email: ahicks@shjlawfirm.com

Of Counsel:

Adam M. Dinnell
State Bar No. 24055405
S.D. Texas Bar No. 3175195
Schiffer Hicks Johnson PLLC
700 Louisiana Street, Suite 2650
Houston, Texas 77002
Tel: (713) 357-5150
Fax: (713) 357-5160
Email: adinnell@shjlawfirm.com

***Attorneys for Defendant Hamilton
Sundstrand Space Systems International, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, a true and correct copy of the foregoing document was served in accordance with Rule 5 of the Federal Rules of Civil Procedure by electronic filing on the parties or their counsel of record listed below:

Chris Reynolds
Thallia Malespin
REYNOLDS FRIZZELL LLP
1100 Louisiana, Suite 3500
Houston, Texas 77002
Telephone: (713) 485-7200
Facsimile: (713) 485-7250
creynolds@reynoldsfrizzell.com
tmalespin@reynoldsfrizzell.com

***Attorneys for Plaintiff***
***Bastion Technologies, Inc.***

                                              /s/ *Andrew S. Hicks*
                                              Andrew S. Hicks